# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br>REID, Kerry Lynn<br>Debtor(s) | Chapter 13<br>Case No. 25-11569-EDK |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN**

Now comes Carolyn Bankowski, Standing Chapter 13 Trustee, and respectfully objects to the confirmation of the Debtor's Chapter 13 Plan (the "Plan"), and for reasons therefore says as follows:

1. The Debtor commenced this case by filing a petition on July 29, 2025.
2. On October 15, 2025, the Trustee presided over a 341 meeting of creditors and examined the Debtor.
3. On August 28, 2025, the Debtor filed the Plan. The Trustee cannot recommend the Plan for confirmation at this time.
4. The proposed plan payment is incorrect. The plan payment should be $1,950.56, not $1,930.56.
5. The Debtor's Schedule A/B reflects a 2017 Audi valued at $11,000.00 and a 2009 BMW valued at $2,500.00 that are not reflected in the liquidation analysis and no exemptions taken for the vehicles on Schedule C. However, Section B. Motor Vehicle of the liquidation analysis a value of $13,500.00 available in a Chapter 7 liquidation.
6. According to Schedule C and the liquidation analysis, there are no exemptions taken on the Debtor's personal property. Therefore, the total amount of non-exempt monies available in a Chapter 7 liquidation is $169,279.22. The Plan proposes a 0% dividend to the general unsecured claims. The Plan fails to meet the best interest test of 11 U.S.C. §1325(a)(4).
7. Further, the Plan fails to satisfy the best efforts test set forth in 11 U.SC. §1325 (b)(1)(B). Schedules I and J reflect disposable income in the sum of $4,460.00. The Plan proposes monthly payments of $1,930.56 over 60 months. If the Debtor devotes all disposable income to the Plan the divided to general unsecured creditors would increase to 100%.
8. The Form 22C-1 lists a household of 7 but Schedule I lists only 3 sons. Further, Form 22C-1 is incomplete.

**WHEREFORE** the Chapter 13 Trustee respectfully requests that the Court sustain her objection to confirmation, and for such other relief as is appropriate.

Dated: 10/21/25

                                       Respectfully submitted,

                                       By: /s/ Carolyn Bankowski
                                       Carolyn Bankowski, BBO#631056
                                       Patricia A. Remer, BBO#639594
                                       Standing Chapter 13 Trustee
                                       PO Box 8250
                                       Boston, MA  02114
                                       (617) 723-1313
                                       13trustee@ch13boston.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| IN RE<br>REID, Kerry Lynn<br>Debtor(s) | Chapter 13<br>Case No. 25-11569-EDK |
|---|---|

## Certificate of Service

The undersigned hereby certifies that on 10/21/25, a copy of the Trustee's Objection to Debtor's Chapter 13 Plan was served via first class mail, postage prepaid or by electronic notice on the debtor and debtor's counsel at the addresses set forth below.

Kerry Lynn Reid
75 Holly Lane
Bridgewater, MA  02324

Michael Ready Treanor, Jr.
160 Riverside Blvd. Ste. 5B
New York, NY 10069

/s/ Carolyn Bankowski